McGREGOR W. SCOTT
United States Attorney
KAREN A. ESCOBAR
Assistant United States Attorney
2500 Tulare Street, Suite 4401
Fresno, CA 93721
Telephone: (559) 497-4000
Facsimile: (559) 497-4099

Attorneys for Plaintiff
United States of America

IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | CASE NO. 1:19-CR-00270-NONE-SKO |
|---|---|
| Plaintiff, | |
| v. | STIPULATION REGARDING EXCLUDABLE TIME PERIODS UNDER SPEEDY TRIAL ACT; FINDINGS AND ORDER |
| JOSEPH D. SANFORD, | |
| | DATE: January 20, 2021 |
| Defendant. | TIME: 1:00 p.m. |
| | COURT: Hon. Sheila K. Oberto |

This case is set for a status conference on January 20, 2021. On May 13, 2020, this Court issued General Order 618, which suspends all jury trials in the Eastern District of California until further notice and allows district judges to continue all criminal matters, excluding time under the Speedy Trial Act with reference to the court's prior General Order 611 issued on March 17, 2020, the court's subsequent declaration of a judicial emergency based on 18 U.S.C. § 3174, and the Ninth Circuit Judicial Council's Order of April 16, 2020 continuing this court's judicial emergency for an additional one-year period and suspending the time limits of 18 U.S.C. § 3161(c) until May 2, 2021, with additional findings to support the exclusion in the Judge's discretion. This and previous General Orders were entered to address public health concerns related to COVID-19.

Although the General Orders address the district-wide health concern, the Supreme Court has emphasized that the Speedy Trial Act's end-of-justice provision "counteract[s] substantive openendedness with procedural strictness," "demand[ing] on-the-record findings" in a particular case.

1  *Zedner v. United States*, 547 U.S. 489, 509 (2006). "[W]ithout on-the-record findings, there can be no
2  exclusion under" § 3161(h)(7)(A). *Id.* at 507. Moreover, any such failure cannot be harmless. *Id.* at
3  509; *see also United States v. Ramirez-Cortez,* 213 F.3d 1149, 1153 (9th Cir. 2000) (explaining that a
4  judge ordering an ends-of-justice continuance must set forth explicit findings on the record "either orally
5  or in writing").

6  Based on the plain text of the Speedy Trial Act—which *Zedner* emphasizes as both mandatory
7  and inexcusable—General Orders 611, 612, and 617 require specific supplementation. Ends-of-justice
8  continuances are excludable only if "the judge granted such continuance on the basis of his findings that
9  the ends of justice served by taking such action outweigh the best interest of the public and the
10 defendant in a speedy trial." 18 U.S.C. § 3161(h)(7)(A). Moreover, no such period is excludable unless
11 "the court sets forth, in the record of the case, either orally or in writing, its reason or finding that the
12 ends of justice served by the granting of such continuance outweigh the best interests of the public and
13 the defendant in a speedy trial." *Id.*

14 The General Orders exclude delay in the "ends of justice." 18 U.S.C. § 3161(h)(7) (Local Code
15 T4). Although the Speedy Trial Act does not directly address continuances stemming from pandemics,
16 natural disasters, or other emergencies, this Court has discretion to order a continuance in such
17 circumstances. For example, the Ninth Circuit affirmed a two-week ends-of-justice continuance
18 following Mt. St. Helens' eruption. *Furlow v. United States,* 644 F.2d 764 (9th Cir. 1981). The court
19 recognized that the eruption made it impossible for the trial to proceed. *Id.* at 767-68; *see also United*
20 *States v. Correa*, 182 F. Supp. 326, 329 (S.D.N.Y. 2001) (citing *Furlow* to exclude time following the
21 September 11, 2001 terrorist attacks and the resultant public emergency). The coronavirus is posing a
22 similar, albeit more enduring, barrier to the prompt proceedings mandated by the statutory rules.

23 In light of the societal context created by the foregoing, this Court should consider the following
24 case-specific facts in finding excludable delay appropriate in this particular case under the ends-of-
25 justice exception, § 3161(h)(7) (Local Code T4). [1] If continued, this Court should designate a new date
26 for the change of plea. *United States v. Lewis,* 611 F.3d 1172, 1176 (9th Cir. 2010) (noting any pretrial

---

28 [1] The parties note that General Order 612 acknowledges that a district judge may make "additional findings to support the exclusion" at the judge's discretion. General Order 612, ¶ 5 (E.D. Cal. March 18, 2020).

STIPULATION REGARDING EXCLUDABLE TIME
PERIODS UNDER SPEEDY TRIAL ACT

continuance must be "specifically limited in time").

**STIPULATION**

Plaintiff United States of America, by and through its counsel of record, and defendants, by and through defendants' counsel of record, hereby stipulate as follows:

1. By previous order, this matter was set for a status conference on January 20, 2021.

2. By this stipulation, defendant now moves to continue the status conference to January 20, 2021, at 1 p.m. and to exclude time between January 20, 2021, and April 7, 2021, under Local Code T4.

3. The parties agree and stipulate, and request that the Court find the following:

   a) Counsel for defendant desires additional time to confer with his client, review the plea offer with him, conduct further investigation, and reach a potential resolution.

   b) Counsel for defendant believes that failure to grant the above-requested continuance would deny him the reasonable time necessary for effective preparation, taking into account the exercise of due diligence.

   c) The government does not object to the continuance.

   d) Based on the above-stated findings, the ends of justice served by continuing the case as requested outweigh the interest of the public and the defendant in a trial within the original date prescribed by the Speedy Trial Act.

   e) For the purpose of computing time under the Speedy Trial Act, 18 U.S.C. § 3161, et seq., within which trial must commence, the time period of January 20, 2021 to April 7, 2021, inclusive, is deemed excludable pursuant to 18 U.S.C. § 3161(h)(7)(A), B(iv) (Local Code T4) because it results from a continuance granted by the Court at defendant's request on the basis of the Court's finding that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial.

4. Nothing in this stipulation and order shall preclude a finding that other provisions of the Speedy Trial Act dictate that additional time periods are excludable from the period within which a trial must commence.

////

////

IT IS SO STIPULATED.

Dated: January 11, 2021   McGREGOR W. SCOTT
United States Attorney

/s/ KAREN A. ESCOBAR
KAREN A. ESCOBAR
Assistant United States Attorney

Dated: January 11, 2021   /s/ JESSE J. GARCIA
JESSE J. GARCIA
Counsel for Defendant
JOSEPH D. SANFORD

**FINDINGS AND ORDER**

IT IS SO ORDERED.

Dated: **January 13, 2021**   /s/ *Sheila K. Oberto*
UNITED STATES MAGISTRATE JUDGE